IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMIK BANKS,<br><br>    Petitioner,<br><br>v.<br><br>THERESA DELBALSO, *et al*,<br><br>    Respondents. | CIVIL ACTION<br>NO. 19-2605 |

## MEMORANDUM OPINION

**Jeffrey L. Schmehl, J.**  /s/ JLS          August 3, 2023

   Banks filed a Petition for Writ of Habeas Corpus on June 14, 2019, and on April 29, 2020, this Court entered an order approving and adopting the Report and Recommendation of the Honorable Jacob P. Hart denying Banks's petition. Banks appealed to the United States District Court for the Third Circuit, and on December 2, 2021, the Third Circuit denied Banks's application for a certificate of appealability, stating:

> Jurists of reason would agree without debate that, for substantially the reasons provided by the Magistrate Judge in the report and recommendation, Banks's claims are procedurally defaulted and fail on the merits. *See generally Slack v. McDaniel*, 529 U.S. 473, 484 (2000). More specifically, Banks's challenge to the sufficiency of the evidence fails because he has not shown that the jury's verdict "was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012) (per curiam). Jurists of reason would also agree that the District Court correctly denied Banks's ineffectiveness claims as inadequately developed. *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991). Further, Banks has not made "a substantial showing of the denial of a constitutional right" as to these claims. 28 U.S.C. § 2253(c)(2). Finally, jurists of reason would agree with the District Court that the relevant statute is not unconstitutionally vague. *See United States v. Zhi Yong Guo*, 634 F.3d 1119, 1122 (9th Cir. 2011) ("[A] statute does not fail the vagueness test simply because it involves a complex regulatory scheme, or requires that several sources be read together[.]")

*Banks v. Superintendent Mahanoy SCI, et al*, C.A. No. 20-3184 (3d Cir. Dec. 2, 2021).

Thereafter, on November 3, 2022, Banks filed a Motion for Relief from Judgment Pursuant to Rule 60(b) in the instant habeas matter, arguing that his PCRA counsel's failure to raise trial counsel's failure to (1) request a voluntary intoxication charge and (2) object to prosecutorial misconduct should have been addressed by this Court.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). The Rule provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b)(6) ... permits reopening when the movant shows 'any ... reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." *Gonzalez*, 545 U.S. at 528–29, *citing Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n. 11 (1988); *Klapprott*

*v. United States*, 335 U.S. 601, 613 (1949). A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. The movant bears a heavy burden of proof that extraordinary circumstances are present. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir.1991).

The basis of Banks's argument in his 60(b) motion is that this Court erred in finding that his two ineffective assistance of trial counsel claims were procedurally defaulted. He admits that these two claims were not raised in the state court and are therefore procedurally defaulted but claims that cause exists to review the claims under the case of *Martinez v. Ryan*, 566 U.S. 1 (2012).

Under *Martinez*, the failure of a habeas petitioner's counsel to raise an ineffective assistance of trial counsel claim in an initial-review collateral proceeding can constitute "cause" if: (1) PCRA counsel's failure itself constituted ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984); and (2) the underlying ineffective assistance of trial counsel claim is "a substantial one," meaning that "the claim has some merit." *Martinez*, 566 U.S. at 14; *see also Glenn*, 743 F.3d at 410. "Under *Strickland*, courts are precluded from finding that counsel was ineffective unless they find both that counsel's performance fell below an objectively unreasonable standard, and that the defendant was prejudiced by that performance." *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002).

In the instant matter, to show sufficient "cause" under *Martinez* to excuse the procedural default of his ineffective assistance claims, Banks must prove both that his PCRA counsel was ineffective for failing to present these claims and that the claims themselves had merit. I find that Banks cannot meet his burden of demonstrating that his

PCRA counsel was ineffective under *Strickland*, as counsel's performance did not fall below objective standards of reasonableness.

First, as to his argument that PCRA counsel was ineffective for failing to raise that trial counsel was ineffective by not including voluntary intoxication as a defense, it is undisputed that PCRA counsel cannot be ineffective for failing to raise a meritless issue. *See Premo v. Moore*, 562 U.S. 115, 124 (2011). Trial counsel's decision to not raise voluntary intoxication implicates trial strategy, and courts must be "highly deferential to counsel's reasonable strategic decisions and guard against the temptation to engage in hindsight." *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002) (*citing Strickland*, 466 U.S. at 689-90, 104 S.Ct. 2052). It is true that Pennsylvania law permits a defendant to present a diminished capacity defense in murder cases—to introduce evidence of voluntary intoxication or drug use—to reduce first-degree murder to third-degree murder. *Sawyer v. Drioux*, 2013 WL 5755428, at *3 (M.D. Pa. Oct. 23, 2013), *aff'd sub nom. Sawyer v. Superintendent Muncy Sci*, 619 F. App'x 163 (3d Cir. 2015), *citing* 18 Pa. Con. Stat. Ann. § 308; *see also Saranchak v. Beard*, 616 F.3d 292, 307 (3d Cir. 2010)(stating that a diminished capacity defense, which includes voluntary intoxication, seeks to negate the intent element of a charge of first degree murder, thereby reducing it to murder of the third degree.) However, pursuant to the law in Pennsylvania, a defendant concedes guilt if a voluntary intoxication or diminished capacity defense is invoked. *Bainbridge v. Vaughn*, 1993 WL 212281, at *2 (E.D. Pa. June 18, 1993). Thus, had Banks's trial counsel sought to introduce evidence of Banks's alleged voluntary intoxication, it would have been inconsistent with his strategy to seek an acquittal. Accordingly, trial counsel's failure to pursue a voluntary intoxication defense does not fall below "objective standards of

reasonableness" for an attorney and PCRA counsel cannot be ineffective for failing to raise such a meritless claim. Therefore, there is no cause under *Martinez* sufficient to overcome Banks's procedural default of this claim.

Next, Banks argues that his PCRA counsel was ineffective for failing to raise that trial counsel should have objected to statements made by the prosecutor during closing arguments and that is sufficient cause to excuse procedural default under *Martinez*. However, "[b]ecause many lawyers refrain from objecting during opening statement and closing argument, absent egregious misstatements by the prosecutor, the failure to object during closing argument and opening statement is within the 'wide range' of permissible professional legal conduct, and thus does not constitute ineffective assistance of counsel." *United States v. Lively*, 817 F. Supp. 453, 466 (D. Del. 1993); *United States v. Lignelli*, 2018 WL 4828509, at *3 (W.D. Pa. Oct. 4, 2018). Again, there can be no ineffective assistance of PCRA counsel by failing to raise a non-meritorious claim regarding trial counsel's failure to object and therefore, no cause exists to excuse procedural default under *Martinez*. Accordingly, Banks's motion for relief from judgment will be denied, as the two claims contained therein are procedurally defaulted.

A certificate of appealability will not issue because reasonable jurists would not debate the correctness of this Court's procedural ruling. *See, Slack v. McDaniel*, 529 U.S. 473, 484 (2000).